IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TRUDY M. DOLLAR, | : |
| Plaintiff | : |
| VS. | : |
| | : **5 : 04-CV-158 (RLH)** |
| JO ANNE B. BARNHART, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

**ORDER**

The plaintiff herein filed this Social Security appeal on May 21, 2004, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

*Background*

The plaintiff filed her application for disability benefits in April 1996, alleging disability beginning March 20, 1995, due to cervical and lumbar disorders, arthritis, gastritis, depression, insomnia, bladder urgency, kidney stones, sinus disorder, left hip disorder, and bilateral knee disorder. Her application was denied throughout all administrative levels, but was remanded by the Appeals Council in January 2002. Upon rehearing, the ALJ again denied benefits, finding that the plaintiff retained the residual functional capacity to perform the demands of very heavy work until the death of her ex-husband on March 9, 2000, and retained the residual functional capacity to

perform medium work between March 10, 2000, to July 7, 2000.  Based on the testimony of a vocational expert, the ALJ concluded that the plaintiff could perform her past relevant work as an assembler between March 1995 and July 7, 2000, and was therefore not disabled.  The Appeals Council denied review and the plaintiff then filed this appeal, arguing that the ALJ improperly rejected the opinions of disability issued by plaintiff's treating physicians, failed to properly evaluate the combined effects of plaintiff's physical and mental limitations, and failed to properly evaluate the plaintiff's credibility.

*Standard of review*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).  The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971).  In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence."  Bloodsworth, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  Cornelius, 936 F.2d at 1145-1146.

*Treating physicians' opinions*

Initially, the plaintiff argues that the ALJ improperly rejected the opinions of disability issued by treating physicians Dr. Brown and Dr. Fried. Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner." "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(e)(1).

In general, the opinions of treating physicians are given substantial or considerable weight unless good cause is shown to the contrary. MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986). Good cause has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding. We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted). As the Lewis court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition." Id.

The ALJ herein determined that the plaintiff suffered from lumbar and bilateral knee disorders that were considered severe. In regard to Dr. Brown's findings, the ALJ noted that

> [o]n several occasions Dr. Brown wrote letters stating that the claimant was 100% disabled. However, a longitudinal review of the claimant's medical records shows that Dr. Brown's opinions that the claimant is "totally disabled" are conclusory, contradictory, and inconsistent with claimant's longitudinal history. Specifically, in a letter dated August 12, 1998, Dr. Brown admits that the claimant's April 1994 CT scan and her December 1996 lumbar x-rays are normal. However, Dr. Brown then states that a June 1994 lumbar MRI revealed desiccation and degeneration at L3 and L4, and therefore, the

3

> claimant is "disabled". However, a review of the June 1996 MRI shows that the claimant had only a "slight" loss of disc space height at L3-4 indicating "mild" desiccation and degenerative changes. The remainder of claimant's lumbar MRI was normal. A lumbar MRI revealing a "slight" loss of disc space height and "mild" desiccation and degenerative changes does not support Dr. Brown's medical opinion that the claimant is "totally disabled".
>
> As Dr. Brown continued to assert that the claimant was "totally disabled", I can reasonably infer that he failed to read the claimant's medical records and Dr. Chase's notations, or he chose to ignore Dr. Chase's notations regarding the care and lifting she was doing for her terminally ill ex-husband. Accordingly, I give Dr. Brown's medical opinion that the claimant is "totally disabled" no evidentiary weight as it is inconsistent with the objective medical evidence and other reliable evidence in the longitudinal record.
>
> R. at 28.

The ALJ's findings regarding Dr. Brown's statements of disability are supported by substantial evidence. Dr. Brown issued at least three (3) statements indicating that the plaintiff was completely disabled, but neither his opinions of disability nor his treatment notes provide any real support or clarification of his findings. As the ALJ points out, Dr. Brown does not mention or apparently consider plaintiff's physical demands in caring for her terminally ill ex-husband until his death in March 2000.

In regard to Dr. Fried, the ALJ found that

> On June 14, 2000, the claimant was physically evaluated by Dr. Fried. Dr. Fried noted that the radiographs taken that day revealed only mild/minimum arthritic changes in the claimant's knees and at L2-3 in her lumbar spine. However, I note that subsequent x-rays of the claimant's left knee taken on May 16, 2003, were normal. Dr. Fried's Range of Motion evaluation indicated some limitations in the claimant's neck, back, and hips. However, the remainder of the claimant's . . . evaluation and her neurological evaluation were normal.

> Although the claimant reported to Dr. Fried that she had been lifting her terminally ill ex-husband, he chose to ignore this and opined that the claimant should lift no more than 30 pounds.  Dr. Fried further opined that the claimant would have difficulty squatting, bending, stooping, and standing/walking for more than an hour at a time. Although Dr. Fried determined that the claimant was not "disabled" and that she could perform work activities within the limitations of her functional capacity, I find that his limitations are inconsistent with his own clinical records and findings.  Therefore, I give limited evidentiary weight to Dr. Fried's medical opinions and conclusions.

R. at 27.

The ALJ's findings regarding Dr. Fried's statements of disability are also supported by substantial evidence.  The court notes initially that Dr. Fried was a consultative, rather than an examining, physician.  As such, his findings were not entitled to great deference.  Dr. Fried also apparently ignored or failed to consider that just months prior to his June 2000 statement, the plaintiff had been lifting and caring for her ex-husband.  The ALJ noted the normal objective findings that contradicted Dr. Fried's severe limitations on plaintiff's abilities to stand, walk, and lift, and therefore properly found good cause to provide only limited evidentiary weight to his conclusions.

*Residual functional capacity*

The plaintiff also argues that the ALJ provided no reason as to why findings in a 1995 mental RFC were not considered.  As the Commissioner points out, the ALJ did consider plaintiff's alleged mental impairment but found that it did not meet the durational requirements of the regulations, because it was episodic at best.  He further found that her medical records showed she had no prior history of psychiatric treatment or hospitalization and that despite the lack of therapy or counseling, her depression improved with medication.  These findings are supported by substantial evidence.

*Credibility determination*

Finally, the plaintiff argues that the ALJ erred in failing to properly evaluate her subjective testimony of pain and limitation. In making credibility determinations regarding a claimant's accounts of pain and other symptoms, the ALJ may not reject a claimant's subjective accounts without providing explicit reasons for doing so. MacGregor v. Bowen, 786 F.2d 1050 (11th Cir. 1986); Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

Herein, the ALJ determined that the plaintiff's medical history, medications, and the objective medical evidence did not support her subjective accounts of disabling pain. The ALJ further noted that plaintiff's own statements evidenced inconsistency, in that the record revealed statements of severe and chronic pain and back pain that was only episodic and controlled with medication. The ALJ provided adequate reasons for discrediting the plaintiff's subjective accounts of pain and limitation.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is hereby **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 6th day of September, 2005.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb